NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN ASTRIAB et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF JERSEY CITY et al., <br><br> Defendants. | Civil Action No. 06-3790 (SRC) (MAS) <br><br> **AMENDED OPINION** |

**CHESLER, U.S.D.J.**

The Opinion filed by this Court on August 16, 2011 is hereby amended as follows:

This matter comes before the Court on three motions for summary judgment, pursuant to Federal Rule of Civil Procedure 56: 1) by Defendant Robert Troy ("Troy"); 2) by Defendant Brian O'Reilly; and 3) by Defendants City of Jersey City, Jersey City Police Department, and Mayor Jerramiah Healy (collectively, "Jersey City"). For the reasons stated below, the motions will be granted in part, and the remaining claims will be dismissed without prejudice for lack of subject matter jurisdiction.

**BACKGROUND**

In brief, this case arises from a dispute over employment discrimination. The Complaint alleges that the eight Plaintiffs were all Police Sergeants in the Jersey City Police Department, which failed to promote them to the rank of Lieutenant. Plaintiffs allege that they were on a promotion list with one Valerie Montone and that, when Defendants illegally discriminated against Montone and refused to promote her, this caused Plaintiffs to not get promotions as well. The Complaint asserts four counts: 1) gender discrimination in violation of New Jersey's Law

Against Discrimination ("NJLAD"); 2) retaliation in violation of NJLAD; 3) retaliation by reason of Montone's political affiliation, in violation of the First Amendment, pursuant to 42 U.S.C. § 1983; and 4) violation of the equal protection clause of the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983.  Defendants have now moved for summary judgment on all counts in the Complaint.

## ANALYSIS

I.     **Relevant legal standard**

   A.     Motions for summary judgment

Summary judgment is appropriate under FED. R. CIV. P. 56(a) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'"  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party."  In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) (quoting

United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)). "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Township, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "A nonmoving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

If the nonmoving party has failed "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Katz v. Aetna Cas. & Sur. Co., 972 F.2d 53, 55 (3d Cir. 1992) (quoting Celotex, 477 U.S. at 322-23).

## II.     The motions for summary judgment

The movants first argue that Plaintiffs lack standing to maintain this derivative action for employment discrimination.  Plaintiffs respond that the Third Circuit recognized the validity of such actions in <u>Anjelino v. New York Times Co.</u>, 200 F.3d 73 (3d Cir. 1999).  This Court need not reach the question of standing to decide these motions, since Plaintiff has otherwise failed to defeat them, but notes that Defendants' efforts to distinguish <u>Anjelino</u> are unpersuasive.

The parties agree on the legal requirements for Plaintiffs' claim for political affiliation retaliation in violation of the First Amendment, pursuant to § 1983.  To make out a *prima facie* case for retaliation for political affiliation, a plaintiff:

> must show that (1) she was employed at a public agency in a position that does not require political affiliation, (2) she was engaged in constitutionally protected conduct, and (3) this conduct was a substantial or motivating factor in the government's employment decision.

<u>Galli v. N.J. Meadowlands Comm'n</u>, 490 F.3d 265, 271 (3d Cir. 2007).  In <u>Galli</u>, the Third Circuit further recognized two component elements for the third prong: knowledge by the decisionmaker of the protected conduct, and causation.  <u>Id.</u> at 275-276.

Defendants move for summary judgment on the this claim, contending that Plaintiffs have no evidence from which a reasonable jury could find in their favor as to the third element, that Montone's political affiliation was a motivating factor for the decision not to promote her.  The summary judgment burden then shifts to Plaintiffs.

Plaintiffs' opposition brief offers only rhetoric, not evidence, to support a finding in their favor on the third prong.  The opposition brief contends that it was in November of 2004, after the special election in which Montone supported the losing candidate, that Defendants refused to promote Montone.  The opposition brief also points to two pieces of evidence, Plaintiffs'

4

Supplemental Statement of Material Facts ("PSSOF") ¶¶ 177a and 232.

> 177a. It was well known that Chief Troy "didn't want to promote Valerie Montone because, one for the politics of the election and one over the picture of Jerry Healy." (Exhibit H-10, Gillan Dep., p. 47, l. 21-23)

This statement refers to the deposition of Police Lieut. Edwin Gillen, who had been asked whether he had heard "anyone discussing reasons why they thought Bobby Troy didn't want to promote Valerie Montone." (Fellman Cert. Ex. H-10 at 47:8-10.) Thus, Gillen testified generally about what he had heard from unnamed persons. This is not sufficient under Federal Rule of Civil Procedure 56(c), which states:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

The cited testimony from Gillen does not meet the personal knowledge requirement: Gillen does not claim to have personal knowledge of why Troy did not want to promote Montone. This is not just hearsay, but anonymous hearsay; it is not admissible evidence.

PSSOF ¶ 232 points to evidence that, had Chief Troy accepted the November 29, 2004 promotion recommendations of Inspector Russ, Montone and three plaintiffs would have been promoted. This may speak to timing, but it does not otherwise speak to the question of whether Montone's political affiliation was a motivating factor in the decision not to promote her.

Plaintiffs' opposition brief puts emphasis on the November 29, 2004 memorandum to Troy in which Inspector Russ recommended hiring five additional Lieutenants. (Fellman Cert. Ex. B-3.) Plaintiffs contend that Troy did not follow Russ's recommendations. Even if this is true, the key question is still <u>why</u> Troy did not follow Russ's recommendations, and Plaintiffs have yet to point to evidence supporting their case on motivation.

5

Plaintiffs point to a number of pieces of evidence that tend to show that Inspector Russ sent several subsequent memoranda to Troy in which he made departmental staffing recommendations, including the need for additional Lieutenants, in January, February, and March of 2005. (PSSOF ¶¶ 237, 245, 253.) Plaintiffs point to evidence that Troy did not follow the recommendations. (Troy Dep. 498:2-4.) None of this constitutes evidence from which a reasonable finder of fact could infer that Montone's political affiliation motivated Troy's decision.

This discussion has now fully covered Plaintiffs' entire case on the proposition that Troy's decision not to promote Plaintiffs was motivated by the protected political conduct of Montone. The quantum of supporting evidence does not even reach the level of a mere scintilla. The most that Plaintiffs have pointed to is the temporal proximity of Troy's first act of not following Inspector Russ's staffing recommendations after the November 2004 election. The problem with this evidence is that, even if a trier of fact were to contemplate the inference, based on temporal proximity, that Montone's conduct during the election was a substantial factor in Troy's decision not to promote more Lieutenants, the Russ memoranda constitute independent intervening events which tend to preclude finding any such link. It is clear that Troy's inaction on the memoranda was most directly in response to the memoranda themselves. There is no evidence that the election played any proximate role and the timing appears to be coincidental. The evidence of temporal proximity is not sufficient here to raise a factual question which should be given to a jury.

Plaintiffs next present their case that political affiliation retaliation is customary in Jersey City. (Pls.' Opp. Br. 47-51.) The problem with this discussion is that the only evidence that

specifically involves Montone has already been discussed – the vague rumors that Montone was holding up other promotions because of who she had supported in the election. As discussed, the rumor evidence is inadmissible. (See, e.g., Whalen Dep. 64:17-24; Wolfe Dep. 53:22-54:4.)

Plaintiffs have failed to point to evidence from which a reasonable trier of fact could decide in their favor on the question of whether Montone's political conduct was a motivating factor in the decision not to promote her or them. Plaintiffs have failed to defeat Defendants' motions for summary judgment and, as to Count Three, Plaintiffs' claims under § 1983 and the First Amendment, the motions for summary judgment will be granted.

Defendants have also moved for summary judgment on Count Four. Count Four of the Complaint states a claim for violation of the federal constitution's equal protection clause, pursuant to § 1983. In adjudicating these motions for summary judgment on Count Four, the Court finds two principal difficulties. First, the Complaint does not sufficiently outline the constitutional right at issue. Second, Plaintiffs' opposition brief appears to skip over the equal protection claim.

Count Four of the Complaint makes the following assertions: 1) "Defendants have engaged in irrational and wholly arbitrary decision-making about promotions in the Jersey City Police Department" (Compl. ¶ 50); 2) "Defendants' irrational and arbitrary decision-making about promotions . . . constitutes a municipal policy" (Id. at ¶ 52); and 3) "Defendants have violated 42 U.S.C. Sec. 1983 by acting under color of state law to subject Plaintiffs to intentional disparate treatment based on irrational and arbitrary considerations in violation of the Equal Protection Clause of the Fourteenth Amendment" (Id. at ¶ 54).

"[T]he first step in evaluating a section 1983 claim is to identify the exact contours of the

underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) (citation omitted). This Court is unable to identify the exact contours of the underlying right said to have been violated. Generally, disparate treatment equal protection claims turn on the allegation of some kind of classification, and attending disparate treatment. The legal analysis of the claim depends on the nature of that classification:

> [A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity. Such a classification cannot run afoul of the Equal Protection Clause if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.

Heller v. Doe, 509 U.S. 312, 319-320 (1993) (citations omitted). In the instant case, the Complaint does not make clear what classification is alleged. Plaintiffs have not alleged, however, that they form a class along suspect lines such as race or religion, nor that the classification burdens fundamental rights, such as the right to vote. Thus, under Heller, whatever the classification may be, it would be subject to rational basis review. From the Complaint, however, this Court cannot discern the classification at issue.

Plaintiffs' opposition brief does not help identify the contours of the underlying right said to have been violated. Although the opposition brief contains seventeen sections of arguments, not one of these sections focuses on the equal protection claim. Not one of the sections discusses disparate treatment. Not one of the sections discusses classifications. Not one of the sections discusses rational basis review. The section devoted to the § 1983 claims, "Point VIII," which begins by citing both the First and Fourteenth Amendments, addresses only the claim of retaliation for political conduct. (Pls.' Opp. Br. 36-47.) This Court finds both that, as to Count Four, it is unable to discern the exact contours of the underlying right said to have been violated,

and that Plaintiffs have failed to oppose Defendants' motions for summary judgment on Count Four. As to Count Four, Defendants' motions for summary judgment will be granted.

Furthermore, even if this Court were to construe Count Four of the Complaint to raise a claim for violation of the Fourteenth Amendment right to substantive due process of law, Plaintiffs have failed to allege, much less pointed to evidence which might prove, arbitrary executive conduct so egregious as to shock the conscience. County of Sacramento v. Lewis, 523 U.S. 833, 836 (1998).

This Court has now decided to enter judgment in favor of Defendants on Plaintiffs' two § 1983 claims, Count Three and Count Four, and this leaves no federal question claims active in this case. Only claims under state law will remain. As none of Plaintiffs' federal claims will remain, this Court exercises its discretion not to retain supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [once] the district court has dismissed all claims over which it has original jurisdiction"). The Third Circuit has explained that "once all federal claims have been dropped from a case, the case simply does not belong in federal court." New Rock Asset Partners, L.P. v. Preferred Entity Advancements, 101 F.3d 1492, 1504 (3d Cir. 1996) (quoting Lovell Mfg. v. Export-Import Bank, 843 F.2d 725, 734 (3d Cir. 1988)). Nor are there any circumstances present which would make the exercise of the Court's discretion to retain supplemental jurisdiction appropriate. See United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966).

In the Opinion entered by this Court on August 16, 2011, as well as in the accompanying Order, this Court mistakenly remanded the remaining claims to the Superior Court of New

Jersey. Having just been notified of the error, and reminded of the fact that this case was not removed from state court, this Court now corrects this error.

This Court is authorized to decline supplemental jurisdiction over the remaining claims by 28 U.S.C. § 1367(c), which states: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if-- (3) the district court has dismissed all claims over which it has original jurisdiction . . ." Such is the case here. In the absence of subject matter jurisdiction over this case, this Court cannot rule on the remaining issues raised by Defendants' motions for summary judgment. The remaining claims will be dismissed without prejudice for lack of subject matter jurisdiction.[1]

## CONCLUSIONS

For the reasons stated above, all three motions for summary judgment will be granted in part. As to Counts Three and Four, Defendants have shown that they are entitled to judgment as a matter of law, and Defendants' motions for summary judgment on Counts Three and Four are granted. Judgment is hereby entered in favor of Defendants on Counts Three and Four. This leaves no claims under federal law in this case, removing this Court's basis for subject matter jurisdiction. Because this Court lacks subject matter jurisdiction over the remaining claims, the remaining claims will be dismissed without prejudice.

                                                                        s/ Stanley R. Chesler
                                                                    Stanley R. Chesler, U.S.D.J.

Dated: October 25, 2011

---

[1] The Court notes that Plaintiffs must now be mindful of the limited tolling of the statute of limitations allowed by 28 U.S.C. § 1367(d).